IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

JILL CARTER-SMITH,

        CASE NO: _____

    Plaintiff,

vs.

WYNDHAM VACATION OWNERSHIP, INC.

    Defendant.
_____/

## COMPLAINT

Plaintiff, JILL CARTER-SMITH ("Carter-Smith" or "Plaintiff"), by and through undersigned counsel, hereby makes the following allegations against Defendant, WYNDHAM VACATION OWNERSHIP, INC. ("Wyndham" or "WVO" or "Defendant"), and states as follows:

## INTRODUCTION

1. This is an action filed by Plaintiff against WVO for wrongful termination in violation of §448.102, Florida Statutes, and for discrimination based on age and on sex.

## JURISDICTION AND VENUE

2. The amount in dispute in these proceedings exceeds the sum of $30,000.00, exclusive of interest, liquidated damages, costs and attorneys' fees.

3. During all material times, Plaintiff has been an individual above the age of eighteen, a resident of Broward County, Florida, and is otherwise *sui juris*.

1

*COTZEN LAW, P.A.*
*20700 West Dixie Highway, Aventura, Florida 33180*
*Phone (305) 682-1600*

4. During all material times, Defendant has been a Florida corporation organized and existing pursuant to the laws of the State of Florida, with its principal place of business located in Orlando, Florida. Defendant does business in Broward County, Florida.

5. Venue is proper in Broward County, Florida based on the foregoing, because Plaintiff was employed in Broward County, Florida, Defendant maintained a business location in Broward County, Florida, and by virtue of the causes of action contained herein having occurred in Broward County, Florida.

6. All conditions precedent have been performed prior to the filing of the instant lawsuit.

7. Plaintiff has retained the undersigned law firm and is obligated to pay a reasonable fee for its services.

## GENERAL ALLEGATIONS

8. At all times material hereto, Plaintiff was an employee or former employee of Defendant within the meaning of Florida Statute §448.101(2).

9. At all times material hereto, Defendant was the employer of Plaintiff within the meaning of Florida Statute §448.101(3).

10. Defendant is in the business of selling and soliciting time share properties in the State of Florida and throughout the United States.

11. Plaintiff was a salesperson employed by the Defendant to meet the goal of selling its time share properties.

12. Plaintiff was employed by the Defendant and other related entities for approximately twenty-two years. She worked in various capacities with the goal of selling time share points for the Defendants to customers.

13. She worked at various Wyndham locations in South Florida and most recently at Royal Vista in Pompano Beach, Florida.

14. Plaintiff was nearly sixty-five years old in late 2019 and early 2020 when the discrimination and termination occurred.

15. At that time, she was an extremely successful salesperson and podium presenter at Wyndham in a field that was dominated by younger salespersons, and in particular, men.

16. In late 2019 and early 2020, Plaintiff was discriminated by the Defendant based upon her sex and age.

17. The Defendant had taken away specific tours and responsibilities that were a substantial part of her earnings and gave these responsibilities to a man who was substantially younger than the Plaintiff.

18. The responsibilities that were taken away included Plaintiff's podium responsibilities, a position where she would give group presentations several times a day to prospective clients. After the presentation, these prospective clients would complete their tours of Wyndham timeshare properties with a salesperson.

19. Through this position, the Plaintiff would be entitled to a share of all sales made to these prospective clients to whom she presented.

20. The Defendant discriminated against the Plaintiff by taking this position away from the Plaintiff and giving it to a man who was significantly younger than Carter Smith.

21. On January 17, 2020, Plaintiff's employment with Wyndham was terminated by her supervisor.

22. She was told that the termination was because she did not follow company procedure.

23. Specifically, Plaintiff had, on numerous occasions, informed Wyndham representatives that she would not sell time share points through Wyndham's "400,000 Point Program."

24. The 400,000 Point Program was a program whereby Wyndham salespeople were instructed to inform its customers that the minimum amount of Wyndham points that they could purchase was 400,000 points. This statement was false as customers were able to purchase substantially fewer than 400,000 points at one time. However, in an effort to sell more points, Wyndham salespeople were instructed to lie to their customers.

25. Carter-Smith had told superiors at Wyndham that the 400,000 Point Program was deceptive and that it took advantage of the public and of Defendant's customers, particularly its elderly customers. She told them that she was a great salesperson and was able to make successful sales to her clients without having to resort to practices that she believed were deceptive, deceitful, and unlawful.

26. Instead of listening to Plaintiff's concerns, her supervisor decided to terminate her employment.

27. Plaintiff believes that she was terminated because she is a female, because she is older than the majority of Wyndham employees in her position, because her supervisors were concerned about complaints that she made about them related to Wyndham's deceptive acts of

which she would not be a party, and as retaliation because her supervisors knew that she had complained about them to their boss.

28.   Plaintiff has exhausted all administrative remedies, if any, and has fulfilled all conditions precedent to the institution of this action or said conditions have been waived.

29.   On January 21, 2021, the U.S. Equal Employment Opportunity Commission issued a Notice of Right to Sue.

30.   Plaintiff has retained the law firm of Cotzen Law, P.A. to represent her and has incurred attorneys' fees and costs in bringing this action.

## COUNT I – CLAIM FOR RETALIATORY DISCHARGE IN VIOLATION OF §448.102, FLA. STAT.

31.   Plaintiff re-adopts and re-alleges each and every factual and jurisdictional allegation as contained in paragraphs 1-30 above.

32.   Florida Statute §448.102 states:

Prohibitions. - An employer may not take any retaliatory personnel action against an employee because the employee has:

(1)   Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.

(2)   Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.

(3)   Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

33.   Plaintiff was hired by Defendant to sell timeshare points.

34. She was duly qualified for this position and at all times performed her job duties at or above expectation.

35. Plaintiff complained to her supervisors about the 400,000 Point Program and her belief and understanding that it was deceptive to the public. Plaintiff did not want to be a party to a sales technique that she believed was deceptive and/or unlawful.

36. Wyndham's 400,000 Point Program constitutes a violation of Florida's Unfair and Deceptive Trade Practices Act, codified in § 501.201, *et seq.*, Florida Statutes and may violate other laws as well.

37. Despite that the Plaintiff complained about the 400,000 Point Program, and her belief that it was deceptive, and in fact deceived the public and Wyndham's customers, including elderly customers, her supervisors continued to require that its salespeople sell Wyndham timeshare points using this program.

38. Plaintiff's supervisor required Plaintiff to use this program as part of her selling techniques. When she refused, her employment was terminated.

39. Prior to her termination, Plaintiff was a successful salesperson at Wyndham.

40. Plaintiff as terminated in whole or in part because she objected to or refused to participate in this practice of Wyndham that was in violation of a law or that she believed was a violation of the law.

41. The Defendant intentionally and willfully terminated the Plaintiff's employment on January 17, 2020, as a direct and proximate result of her refusal to participate in these policies, as set forth in this Complaint, in violation of §448.102, Fla. Stat.

42. Plaintiff has been unable to secure other employment, similar in job responsibilities, to her prior position with the Defendant since the time of the Defendant's imposition of a retaliatory discharge against her on January 17, 2020.

43. Plaintiff has suffered both economic and compensatory damages, as a result of the Defendant's aforesaid actions, and her damages, associated with the loss of her employment, were specifically sought to be prevented by the legislative enactment of the Florida Whistle-Blower's Act, as set forth in §448.102, Fla. Stat.

## COUNT II
## DISCRIMINATION BASED ON SEX
## (GENDER DISCRIMINATION) IN VIOLATION OF TITLE VII

44. Plaintiff repeats and realleges the allegations made in paragraph 1 through 30 above.

45. The foregoing facts and circumstances demonstrate that Defendant, and its agents, have violated Title VII of the Civil Rights Act of 1964, as amended, by discriminating against Plaintiff with respect to the terms or conditions of her employment because of her sex.

46. The Defendant and its agents and employees, knew, or should have known, that the above-referenced actions were discriminatory and violated Title VII of the Civil Rights Act of 1964, as amended. Nevertheless, the Defendant and its agents acted willfully, intentionally, and in reckless disregard for the rights of Plaintiff.

47. As a direct and proximate result of the actions of Defendant and its agents and employees, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment. Furthermore, Plaintiff has and will continue to suffer lost wages.

48.     Moreover, Plaintiff has suffered a diminished ability to earn a living and a diminished capacity to enjoy her life. Additionally, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

WHEREFORE, Plaintiff demands damages for lost wages and benefits, back pay, front pay, damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest – including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

### COUNT III
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### DISCRIMINATION BASED ON SEX (GENDER DISCRIMINATION)

49.     Plaintiff repeats and realleges the allegations made in paragraph 1 through 30 above.

50.     The foregoing facts and circumstances demonstrate that Defendant and its agents have violated the Florida Civil Rights Act of 1992 by discriminating against Plaintiff with respect to the terms or conditions of her employment because of her sex.

51.     The Defendant and its agents and employees knew or should have known that the above-referenced actions were discriminatory and violated the Florida Civil Rights Act of 1992. Nevertheless, Defendant and its agents acted willfully and intentionally and in reckless disregard for the rights of Plaintiff.

COTZEN LAW, P.A.
20700 West Dixie Highway, Aventura, Florida 33180
Phone (305) 682-1600

52. As a direct and proximate result of the actions of Defendant and its agents and employees, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment. Furthermore, Plaintiff has and will continue to suffer lost wages.

53. Moreover, Plaintiff has suffered a diminished ability to earn a living and a diminished capacity to enjoy her life. Additionally, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

WHEREFORE, Plaintiff demands damages for lost wages and benefits, back pay, front pay, damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest – including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

## COUNT IV
## AGE DISCRIMINATION

54. Plaintiff repeats and realleges the allegations made in paragraph 1 through 30 above.

55. The foregoing facts and circumstances demonstrate that Defendant and its agents have discriminated against Plaintiff because of her age.

56. On or about January 17, 2020, the Defendant terminated the Plaintiff's employment.

57. The termination of Plaintiff's employment was, in whole or in part, because of Plaintiff's age, in violation of the Florida Civil Rights Act.

58. The Defendant and its agents and employees knew or should have known that the above-referenced actions were discriminatory and violated the Florida Civil Rights Act of 1992. Nevertheless, Defendant and its agents acted willfully and intentionally and in reckless disregard for the rights of Plaintiff.

59. As a direct and proximate result of the actions of Defendant and its agents and employees, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment. Furthermore, Plaintiff has and will continue to suffer lost wages.

60. Moreover, Plaintiff has suffered a diminished ability to earn a living and a diminished capacity to enjoy her life. Additionally, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

WHEREFORE, Plaintiff demands damages for lost wages and benefits, back pay, front pay, damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest – including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

61. Plaintiff demands trial by jury of all issues so triable.

Dated:  February 17th, 2021.

Respectfully submitted,

By: /s/ Michael Cotzen
Michael Cotzen, Esq.
COTZEN LAW, P.A.
Florida Bar No. 166472
20700 West Dixie Highway
Aventura, Florida 33180
Tel:  305-682-1600
michael@cotzenlaw.com